IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHON WILLIAMS KUROWSKI,

    Plaintiff,

v.                                                                          No. 21-cv-936 JB-LF

TUCUMCARI POLICE DEPARTMENT, *et al*,

    Defendants.

## ORDER DENYING MOTIONS FOR DISCOVERY AND APPOINTMENT OF COUNSEL

This matter is before the Court on Plaintiff's Motion to Preserve Evidence (Doc. 5) and Motion to Appoint Counsel (Doc. 11). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis* in this prisoner civil rights action. In the first motion, Plaintiff asks the Court to order Defendants to produce video footage and documents used in his state criminal case. Plaintiff contends such production is permitted by FED. R. EVID. 1002 and 1004. Those rules do not permit a federal court to intervene in a state criminal prosecution. Rule 1002 simply requires parties to use an original writing or recording to provide its content. *See* FED. R. EVID. 1002. Rule 1004 lists exceptions where an original is not required. *See* FED. R. EVID. 1004.

Alternatively, it is premature to order Defendants - who have not entered an appearance in this case - to produce documents or video footage. Plaintiff's claims are subject to *sua sponte* screening, and Defendants will only be served if he states a facially meritorious claim. *See* 28 U.S.C. § 1915(e) (An *in forma pauperis* complaint must be dismissed if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"); *Jones v. Bock,* 549 U.S. 199, 213-214 (2007) ("[U]nlike in the typical civil case, defendants do not have to respond to a [prisoner]

complaint … until required to do so by the court"). And, even where the Court orders an answer, prisoner suits are exempt from ordinary pretrial case management and discovery procedures. *See* D.N.M.LR-Civ. 16.3; D.N.M.LR-Civ. 26.3(a)(1). In lieu of traditional discovery, the Court may, if appropriate, order a *Martinez* report, which is "a court-authorized investigation and report by prison officials" aimed at ferreting out "any factual or legal bases for [the] claims." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). If a prisoner believes he or she needs additional information after that report is disclosed, the prisoner may submit a traditional discovery request. *See Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1310 (10th Cir. 2010) (delaying "discovery pending an evaluation of the [*Martinez*] report [does not] constitute an abuse of discretion or impermissibly contravene[] the discovery provisions of the federal rules"). Finally, Plaintiff has not demonstrated evidence needs to be preserved during the screening stage or that evidence will be destroyed absent a Court order. *See Minor JGE v. United States*, 2015 WL 11181340, at *1 (D.N.M. Jan. 7, 2015) (noting that "a specific order from the court directing one or both parties to preserve evidence is not ordinarily required," unless the integrity of the evidence would be compromised) (quotations omitted). The Court will therefore deny the Motion to Preserve Evidence (Doc. 5) without prejudice.

As to the remaining motion, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step

of asking a local attorney to represent Plaintiff on a *pro bono* basis. The facts are not particularly complex, and Plaintiff has not demonstrated an inability to prosecute a civil action at this stage. The Court will therefore deny the Motion to Appoint Counsel (Doc. 11) without prejudice.

    IT IS ORDERED that Plaintiff's Motion to Preserve Evidence (Doc. 5) and Motion to Appoint Counsel (Doc. 11) are DENIED without prejudice.

_____
Laura Fashing
United States Magistrate Judge