IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHON WILLIAMS KUROWSKI,

    Plaintiff,

vs.                                                                                                                                                                                              No. CIV 21-0936 JB/LF

TUCUMCARI POLICE DEPARTMENT and
HEIDI ADAMS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court after Plaintiff Jonathon Williams Kurowski did not file an amended complaint as directed, and severed contact with the Court. The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Kurowski to file a single, amended complaint that complies with rule 8 of the Federal Rules of Civil Procedure and to show cause why the Court should not dismiss his case after he did not comply substantially. See Order Permitting Amendment, filed May 17, 2022 (Doc. 17); Order to Show Cause, filed December 1, 2022 (Doc. 20)("OSC"). Because Kurowski did not comply with the OSC or apprise the Court of his current address, the Court, having reviewed the applicable law and the record, will dismiss this case without prejudice.

**BACKGROUND**

Kurowski commenced this case on September 23, 2021, by filing the Prisoner's Civil Rights Complaint (Doc. 1)("Original Complaint"). The Original Complaint alleges that officers conducted an illegal search and plundered Kurowski's personal property after impounding his car. See Original Complaint at 8-11. Kurowski filed two near-identical cases raising this theory: this

case and Kurowski v. Slate, Lopez, Garcia, Adams & Jack's Towing Yard, No. CIV 22-0079 MIS/LF("Slate").  The Defendants Tucumcari Police Department and Heidi Adams have appeared in Kurowski's Slate case, and the Honorable Margaret Strickland, United States District Judge for the United States District Court, District of New Mexico, ordered a Martinez investigation.  See Slate, No. CIV 22-0079 MIS/LF, Order to Supplement the Record Through Martinez Report at 2-4, filed August 17, 2022 (Doc. 23); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(explaining that a Martinez report is "a court-authorized investigation and report" aimed at ferreting out the "factual or legal bases for [the] claims.").

The Court referred this case to Magistrate Judge Fashing for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed October 5, 2021 (Doc. 4).  After submitting the Original Complaint, Kurowski filed two motions in this case seeking to amend.  See Motion to Amend 1983 Complaint, filed October 25, 2021 (Doc. 6)("First Motion to Amend"); Motion to Amend 1983 Civil Complaint, filed November 30, 2021 (Doc. 10)("Second Motion to Amend").  Both motions function as supplements, purporting to add additional allegations and exhibits to the Original Complaint.  See First Motion to Amend at 1-12; Second Motion to Amend at 1-2.  Magistrate Judge Fashing granted the First Motion to Amend in part, and Second Motion to Amend in part.  See Order Permitting Amendment at 1.  Rather than accepting the piecemeal amendments and construing multiple documents as the controlling pleading, Magistrate Judge Fashing directed Kurowski to file a single, amended complaint.  See Order Permitting Amendment at 1.  Specifically, Magistrate Judge Fashing ordered:

> The amended complaint must comply with Fed. R. Civ. P. 8(a), which requires a short, plain statement of the grounds for relief.  It must also "explain what each

defendant did to [Kurowski] . . . when the defendant did it; how the defendant's action harmed him . . . and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If "various officials have taken different actions with respect" to [Kurowski], a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). If [Kurowski] fails to file an amended complaint that complies with the above instructions, the Court may dismiss this case without further notice.

Order Permitting Amendment at 1-2.

The initial deadline to file a single, amended complaint was June 17, 2022. Kurowski did not substantially comply and instead filed a Motion for Summary Judgment. See Motion for Summary Judgment, filed June 3, 2022 (Doc. 18)("Motion for Summary Judgment"). The Motion for Summary Judgment contains five paragraphs of facts, but does not include a specific request for substantive relief. See Motion for Summary Judgment at 1-3. Magistrate Judge Fashing directed Kurowski to file a response advising why the Court should not dismiss this case without prejudice for failure to timely amend as directed. See OSC at 1. The OSC also advised Kurowski on his options regarding the duplicate claims, explaining:

> [Kurowski] does not need to take any further action in this case if he feels he can sufficiently prosecute his claims in the other case, *Kurowski v. Slate,* 22-cv-079 MIS-LF, where Defendants have already appeared. The failure to timely respond to this Order will result in dismissal of this case … without prejudice. Such dismissal will have no impact on the ongoing litigation in *Kurowski v. Slate,* 22-cv-079 MIS-LF, and [Kurowski] can still prosecute his claims in that matter.

OSC at 2.

The deadline to respond to the OSC was thirty days after its entry, or December 31, 2022. See OSC at 2. The United States Postal Service returned the OSC as undeliverable with the notations "Return to Sender" and "Forwarding Time Has Expired." Returned Envelope, filed December 19, 2022 (Doc. 21). Kurowski has severed contact with the Court and has not provided

his current address, in violation of rule 83.6 of the District of New Mexico Civil Local Rules. See D.N.M. LR-Civ. 83.6. Rule 83.6 states: "[a]ll . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6. In light of Kurowski's noncompliance with court orders and rules, the Court will consider whether to dismiss this matter under rule 41(b) of the Federal Rules of Civil Procedure.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d

1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the United States Court of Appeals for the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.</u>, 492 F.3d at 1162. Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.</u>, 492 F.3d at 1162 (quoting <u>Olsen v. Mapes</u>, 333 F.3d at 1204).

Here, Kurowski is no longer in custody at his address of record; he has not amended his Original Complaint as directed; and he has not filed a response explaining such failure or indicating that he intends for the Motion for Summary Judgment to serve as the controlling pleading. Magistrate Judge Fashing further advised Kurowski that he need not respond in this case if he prefers to prosecute his claims in <u>Kurowski v. Slate</u>, CIV No. 22-0079 MIS/LF, where the Defendants have already appeared. In light of these circumstances, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u>. The Court also will deny as moot the Motion for Summary Judgment.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed September 23, 2021 (Doc. 1), is dismissed without prejudice; (ii) the Plaintiff's Motion for

Summary Judgment, filed June 3, 2022 (Doc. 18), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this case.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE

*Parties*:

Jonathon Williams Kurowski
Fulton, Missouri

       *Plaintiff pro se*